IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUE ANN SEYMOUR, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No. 2:09-cv-01707 |
| PPG INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) JUDGE JOY FLOWERS CONTI |

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE MOTION TO ENFORCE SETTLEMENT AGREEMENT UNDER SEAL

PPG's Brief in Opposition to Plaintiff's Motion for Leave to File Under Seal attempts to inappropriately deprive Plaintiffs of their right to seek redress in Court. PPG further confuses the issues. The issue before the Court in the instant Motion is not whether there is a settlement agreement between the parties or whether it should be enforced. Rather, Plaintiffs' Motion only seeks the Court's ruling that a motion that by necessity will discuss the details of the settlement process in this action should be filed under seal, instead of on the public docket.

PPG flatly agrees in its Brief in Opposition that settlement discussions in this matter should remain confidential. (ECF Doc. 179). Thus, PPG does not genuinely contest the issue before the Court in this Motion for Leave to File Under Seal.

Plaintiffs disagree with PPG's contention that there is no settlement agreement to enforce, but are unable to explain the basis for their disagreement without divulging

confidential communications. Suffice it to say that both Parties walked out of the October 17, 2012 settlement conference with obligations, and Plaintiffs contend that PPG is in breach. Should the Court grant Plaintiffs Motion for Leave to File Under Seal, Plaintiffs will be able to fully explain this argument.

But for the confidentiality issue, Plaintiffs would not need leave of Court to file a Motion to Enforce Settlement Agreement. It is thus inappropriate for PPG to attempt to turn a motion to seal into an opportunity to ask the Court to deny Plaintiffs the right to file a Motion that they would otherwise have the right to file. The only question properly before the Court is whether Plaintiffs Motion to Enforce Settlement Agreement should be filed under seal or on the public docket. The parties appear to be in agreement that if such a motion is filed, it should be filed under seal. Furthermore, there is absolutely no prejudice that will result to PPG if Plaintiffs are allowed to file their motion under seal. Thus, there is no reasonable basis for PPG's opposition and Plaintiffs' Motion for Leave to File Under Seal should be granted.

Dated: October 30, 2012    Respectfully submitted,

    /s/ Bruce. C. Fox____
Bruce C. Fox, Esquire
Pa. I.D. 42576
*Bruce.Fox@Obermayer.com*
Yuanyou Yang, Esquire
*Sunny.Yang@Obermayer.com*
Andrew J. Horowitz, Esquire
*Andrew.Horowitz@Obermayer.com*
OBERMAYER REBMANN
MAXWELL & HIPPEL
BNY Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA 15219

4669247.1

(412) 566-1500

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I herby certify that I have, on the date listed below, caused a true and correct copy of the foregoing Brief to be electronically filed with the United States District Court for the Western District of Pennsylvania. Notice of this filing will be sent by operation of the Court's Electronic Filing System to counsel of record.

>                      /s/Bruce C. Fox         _
>                      Bruce Fox

Date: October 29, 2012